Devin T. Theriot-Orr, WSBA 33995
OPEN SKY LAW, PLLC
20415 72nd Ave S, Ste 400
Kent, WA 98032
Tel.    (206) 962-5052
Fax    (206) 681-9663
Em.    devin@opensky.law

BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN TACOMA

| | |
|---|---|
| Andrew Free, <br><br>    Plaintiff, <br><br>      v. <br><br><br> Immigration and Customs Enforcement, <br><br>    Defendant. | W.D. Wash. No.  3:26-cv-5554 <br><br> Complaint for Declaratory and Injunctive Relief |

## I.    **Introduction and Background**

1.    This is an action under the Freedom of Information Act (the "FOIA" or the "Act"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain improperly withheld agency records concerning Charles Leo Daniel's death at the Northwest ICE Processing Center ("NWIPC") and records detailing incident or significant event reports made at NWIPC. Through the FOIA requests described herein, Plaintiff Andrew Free ("Free") sought agency records from Defendant U.S. Immigration and Customs Enforcement ("ICE").

2.    Consistent with its unlawful pattern, practice, and policy of disregarding its FOIA obligations to provide timely responses and prompt access to nonexempt agency records, Defendant failed to adequately make a determination of Plaintiff's various FOIA requests, as

Complaint for Declaratory and Injunctive Relief – 1

required by law, and failed to adequately search for and respond to Plaintiff's FOIA requests, in violation of the Act.

3.    Plaintiff seeks injunctive and declaratory relief requiring Defendant to immediately process and release the requested records.

## II.    Jurisdiction and Venue

4.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Plaintiff's request for injunctive relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(F) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

5.    Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1). Venue is proper in Tacoma sub-office of the Western District of Washington per Local Rule (3)(e)(1) because a substantial part of the events or omissions that give rise to the claim occurred in Pierce County, Washington, insofar as the records being sought relate to the operation of the Northwest ICE Processing Center, located in Tacoma, Washington.

6.    Plaintiff has exhausted all administrative remedies in connection with its FOIA requests, as detailed below.

7.    Because Plaintiff brings this action after constructively or actually exhausting administrative remedies, this Court's jurisdiction is based on 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i).

8.    Congress passed the Freedom of Information Act, 5 U.S.C. § 552, in 1966 "to establish a general philosophy of full agency disclosure," S. Rep. No. 89–813, at 3 (1965), and

Complaint for Declaratory and Injunctive Relief – 2

OpenSkyLaw
20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

"to assure the availability of Government information necessary to an informed electorate," H.R. Rep. No. 89–1497, at 12 (1966), 1966 U.S.C.C.A.N. 2418, 2429.

9.    The statute provides that, subject to certain enumerated exemptions for classified documents, agency personnel and medical files, confidential financial information, and the like (5 U.S.C. §§ 552(b)(1)-(9)), federal agencies generally must make their internal records available to the public upon request. 5 U.S.C. § 552(a)(3)(A).

10.    As the Supreme Court has recognized, FOIA's disclosure regime shines a light on government operations "to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

### III.    Parties

11.    Plaintiff Free is a freelance investigative journalist, researcher, lawyer, and organizer who writes and publishes edited stories[1] and contributes his FOIA research to reports about deaths in ICE custody and the conditions that produce them.[2] Plaintiff also investigates and reports on law enforcement abuse and corruption issues.[3] He publishes a regular newsletter informing the public about deaths in DHS custody and the government's transparency

---

[1] *See generally*, Andrew Free, Muck Rack (last visited May 14, 2026), available at https://muckrack.com/andrew-free.

[2] *See, e.g.*, ACLU, AM. OVERSIGHT, & PHYSICIANS FOR HUM. RTS., DEADLY FAILURES, PREVENTABLE DEATHS IN U.S. IMMIGRATION DETENTION 16 (2024), https://assets.aclu.org/live/uploads/2024/06/2024-07-01-ICE-Detainee-Deaths.pdf.

[3] *See, e.g.*, Andrew Free, *Trump's Deleted Police Misconduct Database Was Full of Prison and Border Incidents*, THE APPEAL (Feb. 27, 2025), https://theappeal.org/nlead-trumps-deleted-police-misconduct-database-full-of-prison-and-border/; Timothy Pratt & Andrew Free, *"Duped: How one Atlanta Cop Secretly Shilled For Police Tech*, THE INTERCEPT (Sept. 2, 2025), https://theintercept.com/2025/09/02/atlanta-seattle-police-axon-fusus-surveillance/; Andrew Free & Matt Scott, *Senior APD official failed to disclose financial interest in police tech company, ethics probe finds*, ACPC (June 26, 2025), https://atlpresscollective.com/2025/06/26/ethics-probe-freeman-fusus-conflict-of-interest/.

Complaint for Declaratory and Injunctive Relief – 3

OpenSkyLaw
20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

practices[4] and is regularly cited or quoted in media outlets covering immigration detention issues.[5]

12.    Federal FOIA agencies have repeatedly identified Plaintiff as a representative of the news media and filer of "significant FOIA requests" since at least 2022.[6]

---

4    *See* Andrew Free, Detention Kills (last updated May 13, 2026) available at www.detentionkills.substack.com.

5    *See, e.g.*, Elizabeth Weill-Greenberg, *GEO Group CEO Calls Lawsuits Against ICE Detention Facilities "Unwarranted" and "Unconstitutional,"* THE APPEAL (May 8, 2026), https://theappeal.org/geo-group-ice-lawsuits-unconstitutiona/; Douglas MacMillian et al., *Internal ICE records reveal widespread use of force in detention centers*, WASH. POST (May 4, 2026), https://www.washingtonpost.com/business/2026/05/04/ice-detention-centers-force/; José Olivares, *Cuban immigrant dies in Georgia detention center, ICE tells Congress*, THE GUARDIAN (May 1, 2026), https://www.theguardian.com/us-news/2026/may/01/georgia-ice-detention-death-cuban-immigrant; Press Release, Physicians for Human Rights, The 18th Death – and Fifth Death Attributed to Suicide – in ICE Custody this Year Spotlights Harms of Solitary Confinement, (May 1, 2026), https://phr.org/news/the-18th-death-and-fifth-death-by-suicide-in-ice-custody-this-year-spotlights-harms-of-solitary-confinement-phr/; Jazmine Ulloa et al., *Deaths in ICE Custody Are Growing. 'They Let Him Rot in There.'*, N.Y. TIMES (Mar. 29, 2026), https://www.nytimes.com/2026/03/29/us/ice-detention-deaths-immigrants.html?unlocked_article_code=1.XFA.Cln2.8qdgNERlxZ7o&smid=url-share; Lomi Kriel & Colleen Deguzman, *Six Deaths in six weeks: What to know about ICE detentions in Texas*, THE TEXAS TRIBUNE (Feb. 19, 2026), https://www.texastribune.org/2026/02/19/ice-detention-deaths-texas-east-montana-dilley-campos/; Brett Wilkins, *Private Prison firm GEO GROUP Reports Record $254 Million Profit After New ICE Contracts*, COMMON DREAMS (Feb. 12, 2026), https://www.commondreams.org/news/geo-group-ice-profits; Douglas MacMillian, *Medical examiner likely to classify death of ICE detainee as homicide, recorded call says*, WASH. POST (Jan. 15, 2026), https://www.washingtonpost.com/immigration/2026/01/15/ice-detention-death-homicide/; Isabel Del Mastro et. al, *ICE Inspections Plummeted as Detentions Soared in 2025*, POGO INVESTIGATES (Jan. 12, 2026), https://www.pogo.org/investigates/ice-inspections-plummeted-as-detentions-soared-in-2025; Rachel Uranga, *Immigrants decry conditions at former prison, ICE's largest detention center in California*, L.A. TIMES (Sept. 29, 2025), https://www.latimes.com/california/story/2025-09-29/detainees-protest-at-californias-largest-and-newest-immigration-detention-center; Emma Goldberg, *"People are Losing Hope" Inside ICE Detention Centers*, N.Y. TIMES (Sept. 16, 2025), https://www.nytimes.com/2025/09/16/health/ice-homeland-security-immigration-detention.html.

Complaint for Declaratory and Injunctive Relief – 4

OpenSkyLaw

20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

13.    Plaintiff's reporting, research, and scholarship rely on government records as an authoritative primary source for the official facts surrounding the in-custody deaths he writes about.[7]

14.    Defendant ICE is an agency component of the U.S. Department of Homeland Security. ICE is the principal investigative arm of DHS and is charged with criminal and civil enforcement of the immigration laws in the U.S. interior. Among ICE's primary duties are the investigations of persons suspected to have violated the immigration laws and the apprehension, detention, and removal of noncitizens who are unlawfully present in the United States.

15.    Defendant ICE is an agency within the meaning of 5 U.S.C. § 551(1). ICE has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

16.    Because ICE ceased affirmatively disclosing all detainee death reviews that it previously released as a matter of course in February 2017, Free and others have been forced to repeatedly file FOIA requests in order to even gain access to the official story of the circumstances surrounding deaths in custody.[8]

---

6    *See, e.g.*, Weekly FOIA Report for Mar. 31, 2025, U.S. Department of Homeland Security at 8, 70, 130, and 164, available at https://www.dhs.gov/sites/default/files/2025-07/25_0731_PRIV_Chief_FOIA_Officers_Weekly_Report_March_31_25_to_June_30_25.pdf. (DHS began affirmatively publishing these Reports, which Free exposed the existence of through a prior FOIA request, pursuant to 5 U.S.C. 552(a)(2) following several prior releases to Free in response to his FOIA requests. *See* https://www.muckrock.com/foi/united-states-of-america-10/dhs-significant-foia-activity-190417/.

7    *See* Andrew Beale & Ethan Corey, *UCLA Law Behind Bars Data Project Unveils New Category of Data: Deaths in ICE Custody*, UCLA L. BLOG (Mar. 1, 2026), https://uclaprisondata.org/blog/ucla-law-behind-bars-data-project-unveils-new-category-of-data-deaths-in-ice-custody.

8    *See, e.g.*, *Free v. Immigr. & Customs Enf't*, 3:25-cv-00392 (W.D. Pa. 2025); *Mami Chelo v. Immigr. & Customs Enf't*, 1:25-cv-02546-PAE (S.D.N.Y. 2025) (Plaintiff files suit seeking records regarding noncitizen death in custody); *Am. Civil Liberties Union of Penn. v. Immigr. & Customs Enf't*, 2:24-cv-05675 (E.D. Pa. 2024) (Plaintiff files suit for ICE records

Complaint for Declaratory and Injunctive Relief – 5



20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

17.     Since 2019, Plaintiff has submitted over 300 FOIA requests to DHS and its agency components.

18.     During this period, ICE has consistently failed to uphold its statutory obligations as to Plaintiff's requests, forcing Plaintiff to repeatedly litigate in order to derive meaningful information in a timely manner.

19.     Plaintiff notified ICE, its counsel, and DHS of the agency's unlawful pattern and practice of violating FOIA in writing on August 13, 2021, of several serial FOIA violations observed across multiple requests, indicating a pattern and practice of FOIA violations.[9]

20.     After Free's notification, multiple courts have concluded that ICE has an unlawful pattern and practice of failing to comply with FOIA.[10]

regarding noncitizen death in Custody); *Rocky Mountain Immigr. Advocacy Network v. Immigr. & Customs Enf't*, 1:23-cv-02359 (D. Colo. 2023) (Plaintiff files suit to obtain records for two noncitizen deaths in custody); *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771 (9th Cir. 2022); *Innovation L. Lab v. Immigr. & Customs Enf't*, 2:22-cv-00443 (D.N.M. 2022) (Plaintiff filed suit to obtain records regarding conditions in detention); *Refugee and Immigr. Center v. Immigr. & Customs Enf't*, 5:22-cv-00171 (W.D. Tex. 2022) (Plaintiff files FOIA lawsuit for disclosure of noncitizen suicide at Karnes detention center); *Buzzfeed v. Immigr. & Customs Enf't*, 610 F.Supp.3d 139 (C.D. Cal. 2022) (Plaintiff forced to file lawsuit to obtain DHS records in 2019); *Chaverra v. Immigr. & Customs Enf't*, 18-289-JEB (D.D.C. 2018) (Plaintiff forced to file suit after ICE failed to produce records); *Am. Civil Liberties Union of Colorado v. Immigr. & Customs Enf't*, 1:19-cv-01036 (D. Colo. 2019) (Plaintiff filed suit to obtain records of noncitizen's death in custody); *Leopold v. Immigr. & Customs Enf't*, 1:18-cv-02415 (D.D.C. 2018) (Plaintiff files suit to obtain records related to agency enforcement actions against noncitizens resulting in detention); *Owen v. Immigr. & Customs Enf't*, 2:22-cv-0050 (C.D. Cal. 2022) (Plaintiff sues seeking records regarding noncitizen death in detention); *Transgender L. Center v. Immigr. & Customs Enf't*, 1:21-cv-02155 (D.D.C. 2021) (Suit seeking to compel production of records regarding treatment of transgender people in DHS custody).

9   *See* R. Andrew Free, *ICE's Pattern and Practice of Violating the Freedom of Information Act*, Detention Kills, (Aug. 13, 2021), https://cdn.muckrock.com/outbound_request_attachments/ImmCivilRights/81848/2021_8_12_FOIA_PP_Letter_-_ICE_.pdf.

10  *See, e.g.*, *Owen v. Immigr. & Customs Enf't*, 2:22-cv-0050 (C.D. Cal. 2022); *Nightingale v. U.S. Citizenship & Immigr, Services, et al.*, 507 F.Supp.3d 1193 (N.D. Cal. 2020); *Stevens v. Immigr. & Customs Enf't*, 432 F.Supp.3d 752 (N.D. Ill. 2020).

Complaint for Declaratory and Injunctive Relief – 6

OpenSkyLaw

20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

## IV.    **Facts**

21.    Under ICE's own policy directives, when a noncitizen dies in ICE custody, a cascade of notifications and investigations commences. This includes the Detainee Death Report performed by ICE Enforcement Removal Operations (ERO). Separately, ICE's Office of Professional Responsibility (OPR) also performs a Detainee Death Review. *See* ICE DIRECTIVE 11003.6: NOTIFICATION, REVIEW, AND REPORTING REQUIREMENTS FOR DETAINEE DEATHS.[11]

22.    ICE publicly released Mr. Daniel's Death Report, performed by ICE ERO. The report consisted of a summary (three pages) regarding Mr. Daniel's death in ICE custody at NWIPC. *See* ICE DETAINEE DEATH REPORT: DANIEL, CHARLES LEO.[12]

23.    ICE has not publicly released OPR's Death Review of Mr. Daniel's death.[13]

24.    Because ICE ceased affirmatively disclosing detainee death reviews as a matter of course in February 2017, Plaintiff and others have been forced to file FOIA requests again and again in order to even gain access to the official story of the circumstances surrounding deaths in custody.

25.    ICE also conducts a Healthcare and Security Compliance Analysis ("HSCA") when a noncitizen dies under ICE custody.

26.    Creative Corrections, a corrections consulting firm, holds a contract with ICE to perform compliance inspections of ICE detention facilities and to conduct independent analyses

---

11 https://www.ice.gov/doclib/foia/policy/11003-6.pdf.

12 https://www.ice.gov/doclib/foia/reports/ddrDanielCharlesLeo.pdf.

13 Since Mr. Daniel's death, another immigrant, Jose Manuel Sanchez-Castro, died while under ICE custody at NWIPIC. *See* ICE DETAINEE DEATH REPORT: SANCHEZ-CASTRO, JOSE MANUEL (last visited May 14, 2026), https://www.ice.gov/doclib/foia/reports/ddrJoseManuelSanchezCastro.pdf.

Complaint for Declaratory and Injunctive Relief – 7

*OpenSkyLaw*

20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

of detainee death reviews. *See Contracts*, CREATIVE CORRECTIONS (last visited May 14, 2026).[14]

**A.      Plaintiff's FOIA Request for Charles Leo Daniel's Detainee Death Report and HSCA**

27.      On March 12, 2025, Plaintiff submitted a FOIA request to ICE seeking a copy of Charles Leo Daniel's Detainee Death Report and the Creative Corrections Healthcare and Security Compliance Analysis completed upon Mr. Daniel's death at NWIPC. Plaintiff's request and correspondence with ICE are attached as Exhibit A, DDR and HSCA FOIA request.

28.      Mr. Free sought a fee waiver and expedited processing of his request, noting the abusive conditions reported at NWIPC as being of widespread public interest surrounding inhumane treatment and abuses of immigrant detainees. *See id*. at 2-4.

29.      On March 13, 2025, ICE responded to Mr. Free's request and assigned the request case number 2025-ICFO-25080. In its response, ICE invoked a 10-day extension to determine whether to comply with the request, granted Mr. Free's request for a fee waiver, and denied Mr. Free's request for expedited processing. *See id*. at 5-8.

30.      Mr. Free appealed ICE's denial of expedited processing on March 14, 2025. ICE responded to Mr. Free's appeal on April 8, 2025, and assigned the appeal case number 2025-ICAP-00184. *See id*. at 8-12.

31.      On April 22, 2025, the ICE Office of the Principal Legal Advisor ("OPLA") affirmed the decision to deny expedited processing to the request in a letter to Mr. Free. In the letter, OPLA additionally noted that the ICE FOIA Office had not yet provided a final response to the FOIA request and that the request would be remanded to the ICE FOIA Office to

---

14  https://creativecorrections.com/contracts.

Complaint for Declaratory and Injunctive Relief – 8



20415 72 Ave S, Suite 400  |  Kent, WA 98032
Tel. (206) 962-5052  |  Fax  (206) 681-9663
opensky.law

continue processing the request. OPLA's letter is attached as Exhibit B, OPLA denial of expedited processing.

32.    Mr. Free received no further communications from ICE regarding his FOIA request. *See* Ex. A. at 10.

33.    As of the date of this filing, Mr. Free has never received a determination of the request.

34.    To date, Mr. Free has received no further responses from the agency regarding his request.

35.    As of the date of this filing, ICE has not completed its search and review of records responsive to Plaintiff's request.

36.    As of the date of this filing, ICE has not taken action on Plaintiff's request that he can appeal.

37.    As of the date of this filing, ICE has not indicated to Plaintiff which records it will produce and which records it seeks to withhold.

38.    As of the date of this filing, ICE has failed to make a determination on Plaintiff's request for records.

**B.    Plaintiff's FOIA Request for ICE email correspondence concerning Charles Leo Daniel's Detainee Death Report**

39.    On April 17, 2024, Plaintiff submitted a FOIA request to ICE seeking "[a]ll emails exchanged between ICE and GEO, ICE and CRCL, and ICE and Congress regarding the publication of the Congressionally Mandated Detainee Death Report sent or received between March 7, 2024, and April 17, 2024." Plaintiff's request and correspondence with ICE are attached as Exhibit C, Agency and Congressional Emails Request.

Complaint for Declaratory and Injunctive Relief – 9



20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

40.    Mr. Free sought a fee waiver and expedited processing of his request, noting the need to inform the public of the facts of Mr. Daniels's death, the fact that Congressional staff people were at the facility the day Mr. Daniel died but only later learned of his death via a news alert, and the six additional people who attempted suicide at the facility after Mr. Daniel's death. *See id.* at 2-3.

41.    ICE responded to Mr. Free's request the next day on April 18, 2024. ICE acknowledged Mr. Free's request and assigned the request a tracking number of 2024-ICFO-31579. ICE invoked a 10-day extension to determine whether to comply with the request and denied Mr. Free's request for expedited processing. *See id*. at 4-6.

42.    Over the next year and eight months, Mr. Free followed up with ICE eight times to inquire when he could expect to receive a response to his request. ICE never replied back to any of Mr. Free's eight attempts to communicate with the agency. *See id*. at 6-9.

43.    To date, Mr. Free has received no further responses from the agency regarding his request.

44.    As of the date of this filing, Mr. Free has never received a determination of the request.

45.    As of the date of this filing, ICE has not completed its search and review of records responsive to Plaintiff's request.

46.    As of the date of this filing, ICE has not taken action on Plaintiff's request that he can appeal.

47.    As of the date of this filing, ICE has not indicated to Plaintiff which records it will produce and which records it seeks to withhold.

Complaint for Declaratory and Injunctive Relief – 10

OpenSkyLaw
20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

48.    As of the date of this filing, ICE has failed to make a determination on Plaintiff's request for records.

**C.    Plaintiff's FOIA Request for NWIPC Significant Incident Reports or Significant Event Notifications**

49.    On February 16, 2023, Plaintiff submitted a FOIA request to ICE seeking "Significant Incident Reports (SIRs) or Significant Event Notifications (SENs) from Geo to ICE's ERO's Seattle Field Office regarding events at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, or from GEO to the ICE Contracting Officer for the period beginning February 1, 2023, and ending February 16, 2023." Plaintiff's request and correspondence with ICE are attached as Exhibit D, SIRs FOIA request.

50.    Mr. Free sought expedited processing of his request, noting the abusive conditions reported at NWIPC as being of widespread public interest surrounding inhumane treatment and abuses of immigrant detainees. *See id*. at 2-3.

51.    ICE responded to Mr. Free's request on February 27, 2023, and assigned the request case number 2023-ICFO-14008. In its response, ICE invoked a 10-day extension to determine whether to comply with the request. The agency denied Mr. Free's request for a fee waiver and did not address his expedited processing request. *See id*. at 4-6.

52.    For nearly two years, Mr. Free followed up on his FOIA request, contacting ICE a total of eight times during this time period. The agency never replied to Mr. Free's eight attempts at communication. *See id*. at 6-9.

53.    Mr. Free sent a ninth follow-up to his original FOIA request on May 26, 2025. ICE finally replied to Mr. Free on June 2, 2025, and informed him that his original request was "in the queue to be processed by an analyst." Mr. Free responded to ICE the same day and

Complaint for Declaratory and Injunctive Relief – 11


20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

asked for an estimated date of production for the request. On June 18, 2025, ICE informed Mr. Free that the agency's search for documents was complete and estimated that the request would be "completed within eight weeks." *See id*. at 9-11.

54.    On July 18, 2025, Mr. Free followed up on the request. ICE replied the same day and told Mr. Free that "the search for responsive documents is complete and your request is currently in queue to be processed. If responsive records have been located, they will be reviewed for a determination of releasability." On August 18, 2025, Mr. Free followed up on his request. ICE replied back to Mr. Free the same day, sending him the same response the agency had submitted to Mr. Free on July 18, 2025, stating: "the search for responsive documents is complete and your request in currently in queue to be processed. If responsive records have been located, they will be reviewed for a determination of releasability." *See id*. at 11-15.

55.    On August 19, 2025, Mr. Free inquired about an estimated date of production for his FOIA request. ICE replied back to Mr. Free on August 21, 2025, sending him the same response the agency had given Mr. Free on July 18, 2025. *See id*. at 15-16.

56.    Mr. Free followed up with ICE two more times over the next two months with no reply from the agency. *See id*. at 16-17.

57.    Mr. Free followed up with ICE again on November 21, 2025. The agency responded to Mr. Free four days later with the same response submitted to Mr. Free on July 18, 2025. *See id*. at 17-19.

58.    Mr. Free contacted ICE again on December 26, 2025, to follow up on his request. ICE responded approximately one week later with the same response given to Mr. Free on July 18, 2025. *See id.* at 19-21.

Complaint for Declaratory and Injunctive Relief – 12

59.     Mr. Free followed up with ICE on January 2, 2026, February 2, 2026, March 4, 2026, and April 3, 2026. ICE finally replied back to Mr. Free on April 22, 2026, sending him the same response the agency had given Mr. Free on July 18, 2025: "the search for responsive documents is complete and your request is currently in queue to be processed. If responsive records have been located, they will be reviewed for a determination of releasability." *See id*. at 22-23.

60.     To date, Mr. Free has received no further responses from the agency regarding his request.

61.     As of the date of this filing, Mr. Free has never received a determination of the request.

62.     As of the date of this filing, ICE has not taken action on Plaintiff's request that he can appeal.

63.     As of the date of this filing, ICE has not indicated to Plaintiff which records it will produce and which records it seeks to withhold.

64.     As of the date of this filing, ICE has failed to make a determination on Plaintiff's request for records.

**D.     <u>Urgent Public Interest in Timely Disclosure of ICE Death Records</u>**

65.      Deaths in ICE detention have reached an all-time high.

66.      Thirty people have passed away so far in ICE custody during Fiscal Year 2026, surpassing the previous record high of 29 acknowledged in-custody deaths during Fiscal Year 2004. Ten percent of all people to die in the agency's custody died in 2025—the highest total ever.

Complaint for Declaratory and Injunctive Relief – 13



20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

67.    As a result, the public's interest in the circumstances of people's deaths, and the government's response to them, has also reached a tipping point. Free cited the agency to seventy news articles about ICE deaths and the conditions that produced them in support of his request for expedited processing. Since he filed his request, the volume of depth of coverage has only accelerated as ICE detention's death toll mounts.[15]

68.    Because of the public interest in these deaths in-custody, senior administration officials have faced questions from lawmakers and media about their numbers, causes, and efforts to mitigate conditions that allow people to die inside.

69.    For example, Tom Homan, who is reportedly functionally in charge of ICE's detention system, responded at-length to a question from CBS News about the numbers of people dying inside and what efforts the administration is taking to reverse this trend. When the

---

[15] *See, e.g.*, Isabela Dias, *Immigrants Are Dying in ICE Detention. A Key Watchdog Office Is Now Gone.*, MOTHER JONES (May 15, 2026), https://www.motherjones.com/politics/2026/05/how-the-trump-administration-gutted-immigration-detention-oversight/; Douglas MacMillian, *Internal ICE records reveal widespread use of force in detention centers*, WASH. POST (May 4, 2026), https://www.washingtonpost.com/business/2026/05/04/ice-detention-centers-force/; Camilo Montoya-Galvez, *ICE reports 18th detainee death in 4 months, putting agency on track for new record*, CBS NEWS (May 1, 2026), https://www.cbsnews.com/news/ice-detainee-deaths-2026/; Sergio Martínez-Beltrán et al., *Deaths of migrants in ICE custody hit record high under Trump*, NPR (Apr. 17, 2026), https://www.npr.org/2026/04/17/nx-s1-5789092/deaths-of-migrants-in-ice-custody-hit-record-high-under-trump; Armando Garcia & Laura Romero, *Death rates at ICE detention facilities raise concerns about health standards: Study*, ABC NEWS (Apr. 16, 2026), https://abcnews.com/US/death-rates-ice-detention-facilities-raise-concerns-health/story?id=132121020;  St. John Barned-Smith & Ko Lyn Cheang, *Inside ICE detention centers, medical misdiagnoses and delays prove deadly*, SF CHRONICLE (Apr. 9, 2026), https://www.sfchronicle.com/projects/2026/ice-detention-deaths/; Jazmine Ulloa et al., *Deaths in ICE Custody Are Growing. 'They Let Him Rot in There.'*, N.Y TIMES (Mar. 29, 2026), https://www.nytimes.com/2026/03/29/us/ice-detention-deaths-immigrants.html; Justin Glawe, *Record deaths in US immigration custody expose systemic failures*, THE GUARDIAN (Mar. 21, 2026), https://www.theguardian.com/us-news/2026/mar/21/ice-deaths-trump-administration; Douglas MacMillan, *ICE detention staff reported death of restrained man as a suicide*, WASH. POST (Jan. 23, 2026), https://www.washingtonpost.com/business/2026/01/23/ice-detainee-death-911-calls/.

Complaint for Declaratory and Injunctive Relief – 14

*OpenSkyLaw*

20415 72 Ave S, Suite 400  |  Kent, WA 98032
Tel. (206) 962-5052  |  Fax  (206) 681-9663
opensky.law

CBS interviewer asked Homan about the upward trend in immigration detention deaths, Homan replied that "[a] better question would be, 'Why is [sic] ICE deaths in custody far below any state prison, any federal prison? Why do we have the lowest death in custody of any state prison system or any federal incarceration system.' Our deaths in custody are lower than everybody's. That's the first question you should be asking." *See* Extended Interview: Tom Homan Says ICE Embraced "Smarter" Deportation Tactics After Minneapolis, CBS News (May 5, 2026) (question and answer at 25:25).[16]

70.     In December, DHS Spokesperson Tricia McLaughlin, responding on X to an X post by Senate Judiciary Ranking Member Richard Durbin, stated that ICE's death rate is the lowest it's been in years.[17]

71.     These claims are provably false. According to a study in the Journal of the American Medical Association, a person's chances of dying in ICE detention, i.e., the system's mortality rate, are the highest they've been in two decades—and exponentially higher than in the immediate past.

72.     Compounding the problem created by defending its record with statistically false claims masked as "Fact Checks", the administration has drastically scaled back the information it provides about each death, electing instead to characterized the departed as "criminal aliens" wherever possible, thus inviting the public to devalue their lives and memories, even where ICE itself possesses no record that the decedent was convicted of a crime.[18]

---

16 https://www.cbsnews.com/video/extended-interview-tom-homan-says-ice-embraced-smarter-deportation-tactics-after-minneapolis/.

17 *See* Tricia McLaughlin (@TriciaOhio), X (Dec. 20, 2025), https://x.com/TriciaOhio/status/2002467615294300639.

Complaint for Declaratory and Injunctive Relief – 15

**OpenSky**Law
20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

73.      Given this admission, subjecting immigrants like Mr. Noviello to the higher mortality rates in the federal prison system represents a conscious choice by federal officials to afford some immigrants in nominally civil detention a better chance at survival than others. As reported by Julia Ainsley's book, Undue Process, this conscious choice by federal officials is explicitly aimed at striking enough fear into the immigrant community through rising spectacles of in-custody deaths and harms that many elect to simply self-deport.[19] That objective, like the facility where Noviello died, is punitive in nature and not a legally recognized purpose or power of ICE detention.

74.      Timely access to primary source documents shedding light on the government's own findings about whether deaths were preventable, and its subsequent response or inaction, is vital to arming the governed with the information necessary to hold the governed accountable.

75.      Within this context, ICE's functional embargo of all death records for many months, and often, years, serves to prop up false and misleading narratives about the conditions people face inside, and what the agency is doing to ensure it lives up to its obligations under the Constitution and laws of the United States.

_____

18 *See, e.g., ICE criminal illegal alien detainee from Cuba passes away in Miami*, IMMIGR.& CUSTOMS ENF'T (Apr. 16, 2026), https://www.ice.gov/news/releases/ice-criminal-illegal-alien-detainee-cuba-passes-away-miami; *Criminal illegal alien from Mexico passes away at Glades County Detention Facility*, IMMIGR.& CUSTOMS ENF'T (Mar. 18, 2026), https://www.ice.gov/news/releases/criminal-illegal-alien-mexico-passes-away-glades-county-detention-facility; *Criminal illegal alien from Afghanistan with previous arrests for fraud and theft passes away at Texas hospital*, IMMIGR.& CUSTOMS ENF'T (Mar. 18, 2026), https://www.ice.gov/news/releases/criminal-illegal-alien-afghanistan-previous-arrests-fraud-and-theft-passes-away-texas.

19 Julia Ainsley, UNDUE PROCESS: THE INSIDE STORY OF TRUMP'S MASS DEPORTATION PROGRAM (Harper 2026).

Complaint for Declaratory and Injunctive Relief – 16

OpenSkyLaw
20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

76.    ICE currently contends it is operating its detention system under funding authorized and appropriated by the One Big Beautiful Bill Act (OB3).

77.    But it also claims the rest of its functions are hampered by the ongoing lapse in federal appropriations that followed the death of two American citizens in Minneapolis by homicide at the hands of DHS agents.

78.    One of the very few conditions limiting DHS's expenditure of funds is that its detention expenditures will be subject to standards set by the Secretary of Homeland Security, consistent with applicable laws.

79.    The standards ICE has set require people to file FOIA requests to obtain information about deaths in ICE detention, as they must under applicable law.

80.    Consequently, FOIA and OB3 require ICE to use OB3 funds to ensure the agency responds in a timely manner to FOIA requests about deaths in ICE detention, lest the standards set by the Secretary pursuant to OB3 exceed her authority under applicable law.

## V.    Claims for Relief

### A.    Count I – Failure to Make a Determination, Violation of 5 U.S.C. § 552(a)(6)

81.    FOIA requires an agency to make a determination within a maximum of 30 working days under *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3rd 180 (D.C. Cir. 2013) (Kavanaugh, J.).

82.    "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

Complaint for Declaratory and Injunctive Relief – 17



20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

83.     ICE has failed to make a determination as to all of Plaintiff's FOIA requests.

**B.     Count II – Failure to Estimate a Date of Production, Violation of 5 U.S.C. § 552(a)(7)(B)(ii)**

84.     Defendant must establish a telephone line or internet service to provide an estimated date on which the agencies will complete action on the request.

85.     In violation of this statute, Defendant failed to provide an estimated date on which the requests would be completed.

**C.     Count III – Unlawful Withholding of Agency Records, Violation of 5 U.S.C. § 552(a)(3)(A)**

86.     Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

87.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

88.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

89.     Defendant's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**D.     Count IV – Unlawful Withholding of Agency Records by ICE, Violation of 5 U.S.C. §552(a)(7)(B)(ii)**

90.     ICE is a government agency subject to the FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by the FOIA.

Complaint for Declaratory and Injunctive Relief – 18

**OpenSky**Law

20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

91.    Plaintiff has a legal right under the FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Plaintiff's FOIA requests.

92.    ICE failed to conduct a timely search and release responsive, non-exempt agency records in response to the Plaintiff's FOIA requests.

**E.    Count V – Failure to Comply with FOIA's Affirmative Disclosure Provisions, Violation of 5 U.S.C. § 552(a)(2)(D)**

93.    FOIA requires that each agency "shall make available for public inspection in an electronic format . . . copies of all records, regardless of form or format–that have been released to any person under paragraph (3); and that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or that have been requested 3 or more times . . . ."

94.    Defendant has violated 5 U.S.C. § 552(a)(2)(D), *et seq.* by failing to make available to the public records responsive to Plaintiff's request regarding Mr. Daniel's Death Review.

**F.    Count VI – Pattern and Practice of Violation of Time Limits**

95.    Defendant has established a pattern and practice of violating statutory time limits of FOIA requests.

96.    Courts have previously granted judgment as a matter of law to the family member of someone who died in ICE custody, explaining that promptly available "typically would mean within days or a few weeks of a 'determination,' not months or years." *Sierra Club v. U.S. Env't Prot. Agency,* 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (quoting *Citizens for Responsibility & Ethics in Washington,* 711 F.3d at 180) (internal quotation marks omitted); *Owen v. U.S. Immigr. & Customs Enf't,* 2023 WL 9470904, at *6 (C.D. Cal. Jan. 12, 2023).

Complaint for Declaratory and Injunctive Relief – 19



20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

**G.**     <u>**Count VII – Pattern and Practice of Violation of Affirmative Disclosure Requirements**</u>

97.     Under FOIA, agencies have a duty to proactive disclose to the public certain commonly requested or likely to be requested records. *See* 5 U.S.C. § 552(a)(2)(D).

98.     ICE has a pattern and practice of violating its proactive disclosure requirements under FOIA.

## VI.     <u>Request for Relief</u>

Plaintiff requests that the Court grant the following relief:

1.     enter judgment on all counts in favor of Plaintiff and against Defendant;

2.     declare Defendant's withholdings under the FOIA unlawful and enjoin Defendant from continuing to withhold all non-exempt records responsive to the FOIA Requests;

3.     declare Defendant's failure to proactively disclose Mr. Daniel's Death Review records under the FOIA to be unlawful;

4.     declare that Defendant has a pattern and practice of failing to adhere to FOIA's proactive disclosure requirements;

5.     order Defendant to proactively produce and make available to the public all records responsive to Mr. Daniel's Death Review;

6.     order Defendant to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to the FOIA Requests, all segregable records responsive to the FOIA Requests, and indices justifying the withholding of any responsive records withheld under any claim of exemption;

Complaint for Declaratory and Injunctive Relief – 20



20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law

7.    award Plaintiff reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A); and

8.    award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted this 28th day of May, 2026.

OPEN SKY LAW, PLLC

*/s/ Devin T. Theriot-Orr*
Devin T. Theriot-Orr, WSBA 33995

20415 72nd Ave S., Ste 400
Kent, WA 98032
Tel.    (206) 962-5052
Fax    (206) 681-9663
Em.    devin@opensky.law

THE MELO LAW FIRM, PLLC

*/s/ Daniel Melo*
Daniel Melo, NC 48654[*]

*/s/ Emily Burns*
Emily Burns, ME 011497[*]

2920 Forestville Road
Ste 100, PMB 1192
Raleigh, NC 27616
Tel.    (919) 348-9213
Em.    dan@themelolawfirm.com
        emily@themelolawfirm.com

_____
*Application for Leave to Appear Pro Hac Vice filed concurrently.

Complaint for Declaratory and Injunctive Relief – 21

OpenSkyLaw
20415 72 Ave S, Suite 400 | Kent, WA 98032
Tel. (206) 962-5052 | Fax (206) 681-9663
opensky.law